IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | CASE NO. 8:12CV221 |
|       Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ETTA GRAVES, LESLEY DOUGLAS, ADMINISTRATOR OF COUNTY COURT DOUGLAS COUNTY, and JANE DOE, | ) | |
|       Defendants. | ) | |

Plaintiff Billy Tyler ("Tyler") filed his Complaint in this matter on June 27, 2012. (Filing No. 1.) Tyler has been given leave to proceed in forma pauperis. (Filing No. 5.) Accordingly, the court now conducts an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Tyler filed his Complaint against three Douglas County Court employees. He does not specify whether these employees are sued in their official or individual capacities. In addition, Plaintiff's allegations are mostly illegible. The allegations the court can decipher reflect that Tyler attempted to file "motions to expunge" in the Douglas County Court on May 25, 2012, and Defendants refused to file them. Plaintiff seeks $100,000,000.00 in damages.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

As set forth above, Tyler's allegations are mostly illegible. The allegations the court can decipher, which relate to his attempt to file motions to expunge in the county court, do not appear to allege a violation of rights protected by the United States Constitution or created by federal statute. Regardless, Tyler does not specify the capacity in which he sues Defendants, and so the court assumes that he sues them in their official capacities only. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999), ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.") A suit against Defendants in their official capacities is a suit against their public employer. Id. Thus, the court construes a suit against Defendants in their official capacities as a suit against Douglas County, Nebraska.

As a municipal defendant, Douglas County, Nebraska, may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County,* 150 F.3d 920, 922 (8th Cir. 1998), (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County,* 901 F.2d 642, 645 (8th Cir.1990), (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1989)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe,* 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County, Nebraska, employees, or that the county's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County, Nebraska, across the line from conceivable to plausible under the *Jane Doe* standard.

3

On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Defendants in accordance with the *Jane Doe* standard. In addition, Plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute. Any amended complaint must restate the allegations of Plaintiff's prior Complaint and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until September 10, 2012, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, he must restate the allegations of the current Complaint and any new allegations;

3. The clerk's office is directed to set a pro se case management deadline in this case using the following text: September 10, 2012: Check for amended complaint, and dismiss if none filed; and

4. Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 13th day of August, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.